mouth, in person, or through an agent. Defendant in his affidavit of merits denied be made any contract with plaintiff as alleged, denied that the work and materials were furnished by him and denied he owed plaintiff the sum claimed. From a judgment in favor of defendant, plaintiff · appeals.

FRED H. ATWOOD, FRANK B. PEASE, CHARLES O. LOUCKS, and VERNON R. LOUCKS, for plaintiff in error; GEARY V. STIBGEN, of counsel.

·WALTER F. OLDS and SMIETANKA, JOHNSON, MOL-. THROP & POLKEY, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

EVIDENCE, § 304*—*when letter properly excluded for want of proof of identification.* In an action to recover for work and materials alleged to have been furnished by plaintiff to defendant upon his acceptance of a written offer to furnish the same, a letter written by defendant to a third party offered in evidence to prove that he accepted the offer, *held* properly excluded for not being properly identified as defendant's letter, there being no proof offered that defendant wrote or authorized the writing of it or that he knew of its existence.

William Downs, Defendant in Error, v. Leopold Zeman and Isaac D. Zeman, Plaintiffs in Error.

Gen. No. 19,175. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by William Downs against Leopold Zeman and Isaac D. Zeman. To reverse a judgment in favor of plaintiff, defendants prosecute a writ of error.

The only errors argued as ground for reversal involved the construction and application of the rules of the Municipal Court, which were not preserved in the record.

E. C. Mapledoram, for plaintiffs in error.

William S. Corbin, for defendant in error.

Mr. Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

1. Municipal Court of Chicago, § 28*—*necessity that rules be preserved in the record.* The Appellate Court, on a writ of error to review a judgment of the Municipal Court, cannot take judicial notice of the rules of that court, and where they are not preserved in the record and the only errors complained of involve a consideration of such rules, the judgment will be affirmed.

2. Municipal Court of Chicago, § 7*—*constitutionality of statute requiring judicial notice of rules.* Section 20 of the Municipal Court Act, J. & A. ¶ 3332, in so far as it requires the Supreme Court and the Appellate Court to take judicial notice of the rules of the Municipal Court on review of judgments of that court, has been declared unconstitutional (citing *Sixby v. Chicago City Ry. Co.*, 260 Ill. 478).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.